**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Warren Richards,<br><br>                                Plaintiff,<br><br>     -v-<br><br>Mainstream Electric, Inc.,<br>GMR Associates Inc.,<br>Errol Grant,<br>Great Midwest Insurance Company,<br>Fidelity and Deposit Company of Maryland,<br>Berkley Insurance Company,<br>The City of New York, and<br>New York City School Construction Authority,<br><br>                          Defendants. | **Civ. Action #: 22-CV-04482 (CM)(BCM)**<br><br>**First Amended Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Warren Richards ("Plaintiff" or "Richards"), by Abdul Hassan Law Group, PLLC, his attorney, as and for this First Amended Complaint against Defendants complaining of the Defendants Mainstream Electric, Inc., GMR Associates Inc., Errol Grant, Great Midwest Insurance Company, Fidelity and Deposit Company of Maryland, Berkley Insurance Company, The City of New York, and New York City School Construction Authority (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being

paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week (ii) entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff also complains that Defendants breached the prevailing wage contracts under which Defendants were obligated to pay Plaintiff prevailing wages and overtime wages at 1.5 times his prevailing wage rate for overtime hours, and that as a result, Plaintiff is entitled to recover the overtime wages and damages he is owed as a result of such breach, plus maximum liquidated damages, plus prejudgment interest – Plaintiff also seeks to recover his wages under the surety/bond agreements as further set forth below.

4. Plaintiff is also entitled to recover his unpaid wages, unlawful wage deductions, and prevailing wages, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Warren Richards ("Plaintiff" or "Richards") is an adult, over eighteen years old,

who currently resides in Bronx County, New York.

9.  Upon information and belief and all times relevant herein, Mainstream Electric, Inc. ("MEI") was a New York for-profit corporation.

10. Upon information and belief and all times relevant herein, Defendant GMR Associates Inc. ("GMR") was a New York for-profit corporation.

11. At all times relevant herein, Defendant GMR was listed on Plaintiff's wage statements and annual W-2 tax forms as his employer - as per NYLL 195 – acting as a joint employer to companies across the United States, including Defendant MEI – providing a variety of management functions as a joint employer. See https://www.gmr-usa.com/GMRN/services.asp#tab-four.

12. At all times relevant herein, Defendant MEI was owned/controlled/managed by Defendant Errol Grant ("Grant") who was in charge of the operations and management of Defendant MEI.

13. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and  was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

14. Defendant the City of New York ("NYC"), is a local government and City within New York State that includes Queens County, New York County, Bronx County, Kings County and Richmond County.

15. Defendant New York City School Construction Authority ("SCA"), is an Authority or agency within the City of New York that repairs, maintains and constructs Public Schools within the City of New York.

16. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

17. At all times relevant herein, Great Midwest Insurance Company ("GMIC") was a surety/insurer that issued Labor and Material Payment Bonds to Defendant Mainstream/Grant and Defendant SCA and under which Plaintiff can recover the wages he seeks herein including the wages owed to Plaintiff herein for work Plaintiff performed at Public Schools within New York City including but not limited to work at Public Schools 375 and 181 – Plaintiff performed such work for Defendants Mainstream/Grant and SCA over several years up to and including the week of 7/25/2021 for which Plaintiff is owed wages/overtime wages as set forth below. Under the Bond issued by Defendant GMIC, Plaintiff is a beneficiary under said bond who can maintain this action under the bond to recover wages sought herein.

18. Upon information and belief, Plaintiff also performed work for Defendant Mainstream/Grant and Defendant SCA that was indemnified by the SCA in lieu of and in addition to payment bonds such as that issued by GMIC – under this agreement/arrangement, Defendant SCA is also directly responsible for paying wages/overtime wages sought herein by Plaintiff.

19. At all times relevant herein, Fidelity and Deposit Company of Maryland ("Fidelity") was a surety/insurer that issued Payment Bonds to Defendant Mainstream/Grant and Defendant NYC and under which Plaintiff can recover the wages he seeks herein including the wages owed to Plaintiff herein for work Plaintiff performed at Public Parks and related sites within New York City – Plaintiff performed such work for Defendants Mainstream/Grant and NYC over several years up to and including the week of October 16, 2021 for which Plaintiff is owed wages/overtime wages as set forth below. Under this bond issued by Defendant Fidelity, Plaintiff is a beneficiary under said bond who can maintain this action under the bond to recover wages sought herein.

20. At all times relevant herein, Berkley Insurance Company ("Berkley") was a surety/insurer that issued Payment Bonds to Defendant Mainstream/Grant and Defendant NYC and under

which Plaintiff can recover the wages he seeks herein including the wages owed to Plaintiff herein for work Plaintiff performed at Public Parks and related sites within New York City – Plaintiff performed such work for Defendants Mainstream/Grant and NYC over several years until Plaintiff's termination in or around October 2021, for which Plaintiff is owed wages/overtime wages as set forth below. Under this bond issued by Defendant Berkley, Plaintiff is a beneficiary under said bond who can maintain this action under the bond to recover wages sought herein.

21. Upon information and belief, Plaintiff also performed work for Defendant Mainstream/Grant and Defendant NYC that was indemnified by the NYC in lieu of or in addition to payment bonds such as that issued by Fidelity and Berkley – under this agreement/arrangement, Defendant NYC is also directly responsible for paying some of the wages/overtime wages sought herein by Plaintiff.

## STATEMENT OF ADDITIONAL FACTS

22. Upon information and belief, and at all relevant times herein, Defendants were involved in the business of providing electrical repairs and related services to their clients, including New York City Public Schools and New York City Parks. See http://mainstreamelectric.com/clients-agencies-certifications.

23. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed approximately over 100 employees.

24. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, from in or around 2015 to in or around October 2021.

25. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as a technician performing a wide variety of physical and manual electrical work on Defendants' public works projects under prevailing wage contracts with New York City and more specifically, New York City Public Schools and New York City Parks.

26. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and he was paid about $136-$141 an hour at various times during his employment with Defendants.

27. At all times relevant herein, Plaintiff worked about 60-72 or more hours each week for Defendants; 5-6 days a week during his employment with Defendants - with the exception of about 5-6 weeks each year.

28. At all times relevant herein, Plaintiff was not paid *any* wages for about 20-24 overtime hours (weekly hours over 40) worked each week during his employment with Defendants - with the exception of about 5-6 weeks each year. About 17.5 to 21 of these overtime hours consisted of time worked by Plaintiff in the morning and in the afternoon for which he was not paid any wages. For example, and as required by Defendants, Plaintiff reported to Defendants location in the Bronx each morning to begin his workday. After arriving at Defendants Bronx location, Plaintiff would start work for the day and prepare for work in the field by loading the truck, etc. with the necessary equipment and supplies. Plaintiff would then travel to the client's site such as New York City public school or park – during this trip, Plaintiff would regularly pick up supplies and materials needed to perform electrical work. After ending work at the client's site, Plaintiff would pack and load the truck and then travel back to Defendants location in the Bronx where the truck is then unloaded for the day.  However, Defendants did not pay Plaintiff any wages for the work time spent from arriving at Defendants location in the Bronx to arriving at the client's site such as the public schools or park. Similarly, Defendants did not pay Plaintiff for any wages for the work time spent from leaving the client's site to arriving back at Defendant' location in the Bronx.

29. At all times relevant herein and in addition to the unpaid overtime hours and wages in paragraph 28, Defendants had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5-3 overtime hours worked each week during his employment with Defendants - with the exception of about 5-6 weeks each year, which he seeks to recover

with this action and for which he was not paid any wages.

30. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week.

31. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

32. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

33. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL § 195(3)- the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

34. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

35. Upon information and belief and at all times relevant herein, Defendants used and purchased materials from vendors in and outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

36. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

37. At all times applicable herein and upon information and belief, Defendants conducted

business outside the State of New York involving construction equipment, materials and services.

38. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

39. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

40. At all times applicable herein and upon information and belief, defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

41. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

42. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state overtime wage posters.

43. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

44. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

45. "Plaintiff" as used in this complaint refers to the named Plaintiff.

46. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

47. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

49. At all times relevant to this action, Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

50. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

51. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

52. Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

53. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 51 above as if set forth fully and at length herein.

54. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

55. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

56. Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### CONTRACT/BOND

57. Plaintiffs allege and incorporate paragraphs 1 through 56 above as if set forth fully and at length herein.

58. At all times relevant herein, Defendants, individually and/or jointly, violated the terms and conditions of Plaintiff's employment and work, and underpaid Plaintiff – including through contracts with the City of New York and requirements for paying overtime wages on public work related projects. Plaintiff is entitled to recover in this action all additional wages, including overtime wages he is entitled to as a result of this underpayment– in addition to the other wages Plaintiff seeks to recover in this action.

59. At all times relevant herein, Defendants breached the prevailing wage contracts pursuant to which Defendants were required to pay Plaintiff non-overtime wages at the prevailing wage rates and overtime wages at 1.5 times his prevailing wage rate for overtime hours worked – Defendants did not pay Plaintiff the required prevailing wages and overtime wages as set forth above and herein.

60. Under the surety/bond agreements/contracts (see paragraphs 18-21 above for example) Plaintiff is also entitled to recover all of his unpaid wages/overtime wages claims herein, and he seeks to do so in this action against Defendants.

61. Plaintiff fully performed his obligations under the applicable prevailing wage contracts, including any and all condition precedents.

62. Plaintiff fully and reasonably performed his obligations under the surety/bond agreements/contracts within the meaning and requirements of the law.

## **Relief Demanded**

63. Plaintiff is entitled to and seek to recover from Defendants, his unpaid wages, including his unpaid overtime wages and prevailing wages that Plaintiff should have been paid under the applicable prevailing wage contract and surety/bond agreements/contracts, plus interest thereon.

## **AS AND FOR A FOURTH CAUSE OF ACTION**
## **NYLL § 190, 191, 193, 195 and 198**

64. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 63 above with the same force and effect as if fully set forth at length herein.

65. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

66. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages including his overtime

wages, agreed upon/contractual/prevailing wages, and unlawful wage deductions described above, as required by NYLL §§ 191, 193 and 198.

67. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

68. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## **Relief Demanded**

69. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid overtime wages, agreed upon/contractual/prevailing wages, unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

70. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

71. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29

USC § 216(b);

72. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

73. As to his **Third Cause of Action**, award Plaintiff any and all unpaid wages including his unpaid overtime wages, prevailing wages, plus interest;

74. As to his **Fourth Cause of Action**, award Plaintiff all unpaid wages, including his unpaid overtime wages, agreed upon/contractual/prevailing wages, unlawful wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

75. Award Plaintiff prejudgement interest on all monies due;

76. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

77. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **May 24, 2023**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000

E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF