UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Warren Richards

                 Plaintiff,

      -v-

Mainstream Electric, Inc.,
GMR Associates Inc.,
Errol Grant,
Great Midwest Insurance Company,
Fidelity and Deposit Company of Maryland
Berkley Insurance Company
The City of New York, and
New York City School Construction Authority.

                 Defendants.

**DEFENDANT GMR Associates Inc.'s**

**ANSWER TO AMENDED COMPLAINT**

**Case No. 1:22-cv-04482**

---

Defendant GMR Associates Inc. ("Defendant") by and through their attorneys Harris Beach PLLC, submits the following ANSWER to Plaintiff's First Amended Complaint:

## INTRODUCTION

1.     With respect to those allegations contained in paragraph 1 of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph. Defendant admits upon information and belief that Plaintiff was employed by co-Defendant Mainstream Electric and/or co-Defendant Errol Grant. Defendant admits further that Plaintiff brings this action and seeks recovery as stated in that paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

Case 1:22-cv-04482-CM   Document 29   Filed 06/07/23   Page 2 of 23

2.      With respect to those allegations contained in paragraph 2 of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant admits only that Plaintiff brings this action and seeks recovery as stated in that paragraph, denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

3.      With respect to those allegations contained in paragraph 3 of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the contracts cited therein for their true and correct content only. Defendant admits only that Plaintiff brings this action and seeks recovery as stated in that paragraph, denies that it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

4.      With respect to those allegations contained in paragraph 4 of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant admits only that Plaintiff brings this action and seeks recovery as stated in that paragraph, denies that it committed any conduct as alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

## JURISDICTION AND VENUE

5.      With respect to those allegations contained in paragraph 5 of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

2

6.      With respect to those allegations contained in paragraph 6 of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

7.      With respect to those allegations contained in paragraph 7 of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

## **THE PARTIES**

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits, upon information and belief, the allegation contained in paragraph 9 of the Complaint.

10.      Defendant admits the allegation contained in paragraph 10 of the Complaint.

11.      With respect to the allegations contained in paragraph 11 that set forth legal conclusions, no response is required. Defendant refers to the statute, law, and website cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

12.      Defendant admits, upon information and belief, the allegations contained in paragraph 12 of the Complaint.

13.      With respect to the allegations contained in paragraph 13 of the Complaint that set forth legal conclusions, no response is required. Defendant admits only, upon information and belief, that Plaintiff was employed by co-Defendants Mainstream Electric, Inc. ("Mainstream")

and/or Errol Grant ("Grant"). Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity remaining allegations contained in said paragraph.

14.     Defendant admits, upon information and belief, the allegations contained in paragraph 14 of the Complaint.

15.     Defendant admits, upon information belief, the allegations contained in paragraph 15 of the Complaint.

16.     With respect to the allegations contained in paragraph 16 of the Complaint set forth legal conclusions, no response is required. Defendant admits only that Plaintiff employed by co-Defendants Mainstream and/or Grant, denies that it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

## STATEMENT OF ADDITIONAL FACTS

22.     With respect to the allegations contained in paragraph 22 of the Complaint, Defendant denies that it committed any conduct alleged in said paragraph, and further denies knowledge or information sufficient to form a belief as to the truth or falsity of the "business" and "services" performed by co-Defendants Great Midwest Insurance Company, Fidelity and Deposit Company of Maryland, Berkley Insurance Company, City of New York, and New York City School Construction Authority. Defendant admits only, upon information and belief, that co-Defendant Mainstream and/or Grant engaged in said "business" and "services" alleged in said paragraph, refers to the website cited therein for its true and correct content only, and otherwise denies the remaining allegations contained in said paragraph.

23.     With respect to the allegations contained in paragraph 23 that set forth legal conclusions, no response is required. Defendant denies it committed any conduct alleged in said paragraph, otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

24.     With respect to the allegations contained in paragraph 24 that set forth legal conclusions, no response is required. Defendant denies it committed any conduct alleged in said paragraph. Defendant admits upon information and belief that Plaintiff was "employed" by co-Defendant Mainstream and/or Grant, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

25.     With respect to the allegations contained in paragraph 25 that set forth legal conclusions, no response is required. Defendant denies it committed any conduct alleged in said paragraph. Defendant admits upon information and belief that Plaintiff was "employed" by co-

Defendant Mainstream and/or Grant, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

26.    With respect to the allegations contained in paragraph 26 of the Complaint, Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream and/or Grant. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

27.    With respect to the allegations contained in paragraph 27 of the Complaint, Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream and/or Grant. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

28.    With respect to the allegations contained in paragraph 28 of the Complaint, Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream and/or Grant. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

29.    With respect to the allegations contained in paragraph 29 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in

any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream and/or Grant. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

30.     With respect to the allegations contained in paragraph 30 of the Complaint that set forth legal conclusions, no response is required. Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream and/or Grant. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

31.     With respect to the allegations contained in paragraph 31 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream and/or Grant. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

32.     With respect to the allegations contained in paragraph 32 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and decisions cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

33.     With respect to the allegations contained in paragraph 33 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and decisions cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

34.     With respect to the allegations contained in paragraph 34 of the Complaint, Defendant denies it  had revenues or otherwise committed any conduct as alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

35.     With respect to the allegations contained in paragraph 35 of the Complaint, Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Defendant admits only that it pays required taxes and related payments to appropriate taxing and/or

governmental authorities, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

39.     With respect to the allegations contained in paragraph 39 of the Complaint, Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

40.     With respect to the allegations contained in paragraph 40 of the Complaint, Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

41.     With respect to the allegations contained in paragraph 41 of the Complaint, Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

43.     With respect to the allegations contained in paragraph 43 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and decisions cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     No response required.

46.     No response required.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 et Seq. (Unpaid Overtime)**

47.     Defendant incorporates its foregoing responses as if fully set forth herein.

48.     With respect to the allegations contained in paragraph 48 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the law cited therein for its true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream. Defendant otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

49.     With respect to the allegations contained in paragraph 49 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the law cited therein for its true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

50.     With respect to the allegations contained in paragraph 50 of the Complaint, Defendant denies it committed any of the conduct alleged therein. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

51.     With respect to the allegations contained in paragraph 51 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the law cited therein for its

true and correct content only. Defendant denies it committed any conduct as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

**Relief Demanded**

52.     With respect to the allegations contained in paragraph 52 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the law cited therein for its true and correct content only. Defendant denies it is liable to Plaintiff for any recovery, denies that it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 set Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

53.     Defendant incorporates its foregoing responses as if fully set forth herein.

54.      With respect to the allegations contained in paragraph 54 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

55.     With respect to the allegations contained in paragraph 55 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon

information and belief that Plaintiff was an "employee" of co-Defendant Mainstream. Defendant otherwise denies the remaining allegations contained in said paragraph.

**Relief Demanded**

56.     With respect to the allegations contained in paragraph 56 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the law cited therein for its true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, denies it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

**AS AND FOR A THIRD CAUSE OF ACTION**
**CONTRACT/BOND**

57.     Defendant incorporates its foregoing responses as if fully set forth herein.

58.     With respect to the allegations contained in paragraph 58 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the contracts alleged therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and denies it is liable to Plaintiff for any recovery. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

59.     With respect to the allegations contained in paragraph 59 of the Complaint, Defendant refers to the contracts alleged therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and denies it is liable to Plaintiff for any recovery. Defendant otherwise denies

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, Defendant refers to the contracts alleged therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and denies it is liable to Plaintiff for any recovery. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

61.     With respect to the allegations contained in paragraph 61 of the Complaint, Defendant refers to the contracts alleged therein for their true and correct content only. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Defendant refers to the contracts alleged therein for their true and correct content only. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

**Relief Demanded**

63.     With respect to the allegations contained in paragraph 63 of the Complaint, Defendant refers to the contracts cited therein for their true and correct content only. Defendant denies that it committed any conduct alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

**AS AND FOR A FOURTH CAUSE OF ACTION
NYLL § 190, 191, 193, 195 AND 198**

13

64.     Defendant incorporates its foregoing responses as if fully set forth herein.

65.     With respect to the allegations contained in paragraph 65 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant denies Plaintiff was its "employee" in any capacity, denies it committed any conduct alleged in said paragraph, and admits only upon information and belief that Plaintiff was an "employee" of co-Defendant Mainstream. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

66.     With respect to the allegations contained in paragraph 66 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and contracts cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

67.     With respect to the allegations contained in paragraph 67 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

68.     With respect to the allegations contained in paragraph 68 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

**Relief Demanded**

69.     With respect to the allegations contained in paragraph 69 of the Complaint, Defendant refers to the laws cited therein for their true and correct content only. Defendant denies it committed any conduct alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

## PRAYER FOR RELIEF

70.     With respect to the allegations contained in paragraph 70 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

71.     With respect to the allegations contained in paragraph 71 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

72.     With respect to the allegations contained in paragraph 72 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said

paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

73.     With respect to the allegations contained in paragraph 73 of the Complaint, Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

74.     With respect to the allegations contained in paragraph 74 of the Complaint that set forth legal conclusions, no response is required. Defendant refers to the laws and regulations cited therein for their true and correct content only. Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

75.     With respect to the allegations contained in paragraph 75 of the Complaint, Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

77.     With respect to the allegations contained in paragraph 77 of the Complaint, Defendant admits only that Plaintiff seeks relief as specified in said paragraph. Defendant denies it committed any conduct implied or alleged in said paragraph, denies that it is liable to Plaintiff for any recovery, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraph.

78.     Defendant denies any allegation not specifically responded to in the foregoing responses.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

79.     The Complaint and each of its causes of action fail to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

80.     Plaintiff's claims against Defendant are barred because Defendant was not Plaintiff's employer, either in an individual, integrated, joint, or other manner.

### THIRD AFFIRMATIVE DEFENSE

81.     Plaintiff's contract claims against Defendant are barred because Plaintiff and Defendant never entered into any contract, whether written, oral, implied, quasi, or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

82.     Plaintiff's contract claims against Defendant are barred because Plaintiff is not a third-party beneficiary to any contract to which Defendant may be a party to.

### FIFTH AFFIRMATIVE DEFENSE

83.    Plaintiff's claims are barred all or in part by the applicable statutes of limitations. Plaintiff is not entitled to an extension of the statute of limitations as Defendant did not act willfully.

## SIXTH AFFIRMATIVE DEFENSE

84.    The Complaint's wage-and-hour causes of action are barred because Plaintiff was at all relevant times exempt from coverage under the EXECUTIVE and/or PROFESSIONAL and/or ADMINISTRATIVE exemptions under the FLSA and relevant New York law.

## SEVENTH AFFIRMATIVE DEFENSE

85.    Defendant's alleged violations of the FLSA and relevant New York law were not pursuant to a uniform policy, plan, or practice.

## EIGHTH AFFIRMATIVE DEFENSE

86.    Plaintiff's claims for damages, to the extent any damages are actually suffered, must be reduced for non-compensable preliminary or postliminary work.

## NINTH AFFIRMATIVE DEFENSE

87.    Plaintiff's claims are barred as any alleged damages are speculative and/or *de minimis*.

## TENTH AFFIRMATIVE DEFENSE

88.    Plaintiff's claims are barred as to hours allegedly worked where Defendant did not have actual or constructive knowledge of such hours worked.

## ELEVENTH AFFIRMATIVE DEFENSE

89.    Should Plaintiff prevail on any allegations regarding overtime pay liability, Defendant is entitled to exclusion of aspects of compensation that are excludable from regular rate of pay calculations under the FLSA and relevant New York law.

**TWELFTH AFFIRMATIVE DEFENSE**

90.     Defendant has a partial and/or complete defense based upon documentary records and evidence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

91.     Plaintiff's claims are barred under the doctrines of waiver, estoppel, and unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

92.     Plaintiff's claims are subject to dismissal to the extent Plaintiff received payment for all work performed in accordance with the FLSA and applicable New York law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

93.     Plaintiff's claims are barred to the extent that they are based upon any allegations and/or claims for which he has failed to exhaust administrative remedies.

**SIXTEENTH AFFIRMATIVE DEFENSE**

94.     Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and/or correct any alleged pay deficiencies, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

95.     Any recovery for Plaintiff's claims is barred to the extent Plaintiff failed to mitigate his damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

96.     Plaintiff's claims are barred to the extent that they seek any measure of recovery beyond the damages allowed pursuant to the statutory authority by which his claims are purportedly brought.

## NINETEENTH AFFIRMATIVE DEFENSE

97.     Defendant's actions were in good faith conformity and/or reliance on administrative regulation, order, ruling, interpretation, and/or practice of the New York Department of Labor and/or the U.S. Department of Labor.

## TWENTIETH AFFIRMATIVE DEFENSE

98.     Defendant reserves the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

**WHEREFORE**, for all the foregoing reasons, Defendant respectfully demands judgment dismissing Plaintiff's Complaint in its entirety on the merits, together with costs, disbursements, and reasonable attorneys' fees incurred in defending this action; that in the event judgment is awarded to Plaintiff that it be reduced to the extent that Plaintiff failed to mitigate his damages; and that Defendant have such other and further relief as this Court may deem just and proper.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR INDEMNIFICATION

1.     Upon information and belief, that if and in the event the plaintiff sustained any damages as alleged in the Complaint, all of which are denied by this answering Defendant, said damages were caused by the negligence, culpable conduct and/or wrongful acts of Defendants Mainstream and Grant and/or their agents, servants and/or employees, and not through any negligence, culpable or wrongful conduct on the part of the answering Defendant or its agents, servants, and/or employees.

2.      By reason of the foregoing, this answering Defendant is entitled to judgment over and against Defendants Mainstream and/or Grant for common law indemnification for all or part of any verdict or judgment that Plaintiff may recover against this answering Defendant.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR CONTRIBUTION

3.      Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Complaint, all of which are denied by this answering Defendant, said damages were caused by the negligence, culpable conduct and/or wrongful acts of Defendant Mainstream and/or Grant and/or their agents, servants and/or employees, and not through any negligence, culpable or wrongful conduct on the part of this answering Defendant or its agents, servants, and/or employees.

4.      By reason of the foregoing, this answering Defendant is entitled to judgment over and against Defendant Mainstream and/or Grant for common law contribution for all or part of any verdict or judgment that Plaintiff may recover against this answering Defendant.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR CONTRACTUAL INDEMNIFICATION

5.      Defendant and co-Defendant Mainstream and/or co-Defendant Grant are parties to various agreements, including but not limited to the following:

a.  LETTER OF COMMITMENT, executed July 10, 2020;

b.  GENERAL EMPLOYER ADOPTION AGREEMENT, executed October 30, 2020;

    c.    ADMINISTRATIVE   PROCESSING   AND   BUCKET   SPECIFICATION AGREEMENT, executed October 30, 2020;

    d.    ELECTRONIC FUNDS TRANSFER AUTHORIZATION, executed October 30, 2020;

    e.    EMPLOYER ANNUALIZATION ACKNOWLEDGMENT, executed October 30, 2020;

    f.    ANNUALIZATION   COMPLIANCE   PROGRAM   PARAMETER   REQUEST AND AUTHOIZATION FORM, executed October 30, 2020;

    g.    BROKER OF RECORD DESIGNATION ASSIGNMENT, executed October 30, 2020

6.    Upon information and belief, Defendant Mainstream and/or co-Defendant Grant are parties to various public works' contracts and agreements with the City of New York.

7.    In the event that Plaintiff is found to have suffered any injuries or damages in the manner alleged in Plaintiff's complaint, and if Plaintiff should thereby recover and judgment against this answering Defendant, then this answering Defendant is entitled to contractual indemnification and defense from Defendants Mainstream and/or Grant pursuant to the aforementioned contracts and agreements, including the agreements between this answering Defendant and Defendant Mainstream and/or Defendant Grant, and will thereby be obliged to indemnify and defend this answering Defendant for any judgment that may be recovered against it.

Dated:  June 7, 2023     **HARRIS BEACH PLLC**

       By: s/Scott D. Piper
         Scott D. Piper, Esq. (SP2076)
         Ibrahim Tariq, Esq.
         *Attorneys for Defendant GMR Associates Inc.*
         99 Garnsey Road
         Pittsford, NY 14534
         Phone:  (585) 419-8800
         Fax:  (585) 419-8817
         spiper@harrisbeach.com
         itariq@harrisbeach.com